UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWINN B. GIBSON,

    Petitioner,

v.

    CASE NO. 2:06-CV-12793
    HONORABLE GERALD E. ROSEN
    UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**

Gwinn B. Gibson, ("petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree felony murder, M.C.L.A. 750.316; armed robbery, M.C.L.A. 750.529; felon in possession of a firearm, M.C.L.A 750.224f; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**I. Background**

Petitioner was convicted of the armed robbery and shooting death of a store clerk at a gas station in Detroit, Michigan on December 1, 2001. Money, telephone cards, and cigarettes were taken from the gas station during the robbery. Acting on a tip, police searched petitioner's mother's house in Detroit, Michigan on December 5, 2001. Petitioner was found by the police hiding in a closet in the computer room of the house. Police recovered the .32 caliber weapon that had been used in the murder from the

1

same closet that petitioner had been hiding in. The computer room also contained the phone cards and cigarettes that had been taken from the gas station during the robbery. After being arrested, petitioner gave a statement to the police, in which he admitted going to the gas station to commit a robbery. Petitioner admitted pointing the gun at the clerk and demanding money. Petitioner told the police that during the robbery, the victim grabbed his sleeve and the gun went off. Petitioner told the police that he didn't mean to shoot the victim. Petitioner admitted to taking cash, some cigarettes, and a cigar box full of phone cards from the gas station. Petitioner admitted that he used a .32 caliber gun during the robbery. Petitioner told the police that he was wearing gloves during the robbery, which he discarded subsequent to the shooting.

Petitioner testified at trial that he did not commit the robbery or murder. Petitioner claimed that he was at home at the time of the robbery and murder. Petitioner claims that he found the cigarettes, phone cards, and .32 caliber gun on the ground by a car wash while he was walking to the gas station. Petitioner claims that sometime between December 1, and December 5, 2001, he struck a woman named Markesha Martinez. Petitioner admitted to hiding in the closet when the police searched the home on December 5, 2001, but claimed that he did so because he thought that the police had come to arrest him for the assault on Martinez.

Petitioner's conviction was affirmed on appeal. *People v. Gibson,* No. 243475 (Mich.Ct.App. September 21, 2004); *lv. den.* 472 Mich. 938; 698 N.W. 2d 394 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Petitioner is entitled to a writ of habeas corpus because the trial court erred when it denied petitioner's motion to suppress evidence confiscated from the Cruse address on December 5, 2001.

II. Petitioner is entitled to a writ of habeas corpus, because the trial court erred when it denied petitioner's motion to suppress the submission of alleged statements made by petitioner about his alleged involvement in the robbery and shooting death of the gas station/store clerk.

III. Petitioner is entitled to a writ of habeas corpus because the trial court erred when it allowed into evidence the spent shell casings allegedly found at the scene.

IV. Petitioner is entitled to a writ of habeas corpus because there was insufficient scientific evidence to sustain a conviction.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. Petitioner's Fourth Amendment claim is non-cogizable on habeas review.**

Petitioner first contends that he is entitled to habeas relief because the evidence obtained from him was the fruit of a warrantless arrest and search.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-495 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. See *Robinson v. Jackson,* 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005)(citing *People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W. 2d 357 (1965)(motion to suppress), *People v. Harris*, 95 Mich. App. 507, 509; 291 N.W.2d 97 (1980)).

Petitioner is not entitled to habeas relief, because he has not shown that a

4

failure of that procedural mechanism prevented him from litigating his Fourth Amendment claim. The record reveals that petitioner challenged the propriety of the search and seizure by filing a motion to suppress prior to trial. The state trial court denied the motion to suppress. Petitioner again raised his Fourth Amendment claim before the Michigan Court of Appeals and the Michigan Supreme Court, which denied him relief. From the record, it is clear that the Michigan courts were cognizant of petitioner's Fourth Amendment claim and that he received all the process he was due. Therefore, any claim concerning the validity of the search warrant and resulting search and seizure is not cognizable on habeas review pursuant to *Stone v. Powell. Robinson,* 366 F. Supp. 2d at 527-28.

### B. Claim # 2. Petitioner has failed to show that his confession to the police was coerced or otherwise involuntarily made.

In his second claim, petitioner contends that the trial court erred in denying his pre-trial motion to suppress his confession, because he claims that the incriminating statement was induced by police coercion and promises of leniency.

A *Walker* hearing was conducted before the trial court on March 22, 2002.[1] Officer Henry Ellis testified that he placed petitioner into his police car after petitioner had been arrested, and began to read petitioner his rights from a constitutional rights form. Petitioner informed Ellis that he was aware of his constitutional rights because he had been through the [criminal justice] system before. Ellis advised petitioner that if he understood his rights, he should initial each one listed on the rights form, which petitioner did and then signed the form at 1:45 p.m.

---

[1] *People v. Walker (On Rehearing),* 374 Mich. 331; 132 N.W. 2d 87 (1965).

5

Officer Ellis testified that he informed petitioner that the police were investigating a homicide and questioned him en route to the police station. Ellis testified that there were no threats, force, or coercion used against petitioner, and denied that any promises had been made to him. Petitioner was not denied the use of the restroom or food. Petitioner appeared lucid. Petitioner gave Officer Ellis three different stories concerning the crime that Ellis chose not to reduce to writing because he was not comfortable with petitioner's version of events.

Petitioner was sleeping in the interrogation room when Officer Steven Dolunt arrived. Dolunt testified that he gave petitioner food and a beverage and permitted him to use the rest room. Officer Dolunt also advised petitioner of his rights about one-half hour after waking him. Petitioner informed Officer Dolunt that he graduated from high school and attended Mississippi State University for three and one-half years. Petitioner read each of his rights out loud before initialing next to them and then signed the document at 7:15 p.m. Officer Dolunt further testified that petitioner did not appear to be under the influence of any intoxicants or narcotics, that no force or coercion had been used against petitioner, and that no promises were made to him. Petitioner agreed to speak to Officer Dolunt voluntarily without the presence of an attorney.

The trial court denied the motion to suppress, finding that petitioner had prior experience with the system and knew his constitutional rights. The trial court further found that petitioner had been given his *Miranda* rights twice, finding the police officers' testimony on this latter issue to be "very credible." The trial court found that there were no threats or coercion by the police. (Tr. 3/22/2002, p. 43).

The Michigan Court of Appeals likewise rejected petitioner's claim, finding that

the totality of the circumstances surrounding petitioner's confession showed that it was freely and voluntarily made. Petitioner had a college education and had been through the system before. Petitioner was not questioned extensively, was twice advised of his constitutional rights, and was not injured, intoxicated, drugged, or in ill health when he gave his statement. Petitioner was given food and drink, he slept, and he was allowed to use the rest room. The Michigan Court of Appeals likewise found that there was no evidence that petitioner was threatened, coerced, or promised leniency. *Gibson,* Slip. Op. at * 4.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); *Jones v. Smith,* 244 F. Supp. 2d 801, 808 (E.D. Mich. 2003); 28 U.S.C. § 2254(e)(1). Subsidiary factual questions in determining the voluntariness of a statement to police, such as whether the police engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of correctness accorded to state court findings of fact. *Miller v. Fenton*, 474 U.S. 104, 112 (1985).

In this case, petitioner is not entitled to habeas relief. The state trial and appellate courts' finding that the police used no coercion and made no promises to induce an incriminating statement from petitioner, so that his statement was voluntarily made, is entitled to the presumption of correctness, because petitioner has failed to present clear and convincing evidence to rebut this presumption. *Pritchett v. Pitcher*, 117 F. 3d 959, 963-64 (6th Cir. 1997). Because petitioner has failed to present clear and convincing evidence to rebut this presumption, he is not entitled to challenge the

7

credibility determination by the trial court and the Michigan Court of Appeals concerning the voluntariness of his confession on habeas review. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 760 (E.D. Mich. 2005).

In addition, the Michigan courts' legal conclusion that petitioner's confession was voluntarily made was reasonable. A federal court must look at the totality of the circumstances to determine whether a defendant's confession is voluntary. *Ledbetter v. Edwards,* 35 F. 3d 1062, 1067 (6th Cir. 1994). "[F]actors to consider in assessing the totality of the circumstances include the age, education, and intelligence of the accused; whether the accused has been informed of his constitutional rights; the length of the questioning; the repeated and prolonged nature of the questioning; and the use of physical punishment, such as the deprivation of food or sleep." *Id.* (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)).

The state court determination that petitioner's confession was voluntary was not contrary to, or an unreasonable application of, clearly established federal law, and thus does not warrant federal habeas relief, in light of the fact that petitioner had three and a half years of college education, had connections with the criminal justice system and was thus familiar with criminal procedures, was not deprived of necessary nourishment, medical care, sleep, or other essentials while in custody, and was advised of his *Miranda* rights by the police prior to being questioned and waived those rights. *See Payne v. Smith,* 207 F. Supp. 2d 627, 646 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his second claim.

**C. Claim # 3. Petitioner's chain of custody claim is non-cognizable on federal habeas review.**

Petitioner next claims that the trial court improperly admitted into evidence the spent shell casing from the crime scene because there had been a break in the chain of custody. [2]

Unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional violation. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Coy v. Renico,* 414 F. Supp. 2d 744, 756 (E.D. Mich. 2006). As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F. 3d 363, 370 (6th Cir. 1994).

The question of whether or not a chain of custody of evidence has been shown is one of state law, "and state law questions are not very often the basis of constitutional error under habeas review." *Scott v. Jones,* 915 F. 2d 1188, 1190 (8th Cir. 1990)(internal citations omitted). Petitioner's issue of the chain of custody of the evidence is a state law evidentiary issue and is therefore not appropriate for federal habeas review. *Hough v. Anderson,* 73 F. Supp. 2d 981, 996-997 (N.D. Ind. 1999).

Moreover, a prosecutor does not need to prove a perfect chain of custody for evidence to be admitted at a criminal trial. *See Dell v. Straub,* 194 F. Supp. 2d 629, 652 (E.D. Mich. 2002)(citing *United States v. Lott,* 854 F. 2d 244, 250 (7th Cir. 1988));

---

[2] Respondent contends that petitioner's third claim is procedurally defaulted, because petitioner's counsel failed to object to the objection of the admission of the shell casing at trial. Because petitioner's third claim is without merit, the Court does not need to resolve the procedural default issue, but will address the merits of the claim instead. *See Coy v. Renico,* 414 F. Supp. 2d 744, 764, n. 5 (E.D. Mich. 2006).

*See also Harmon v. Anderson,* 495 F. Supp. 341, 343 (E.D. Mich. 1980). Gaps in the chain of custody normally go to the weight of the evidence, rather than its admissibility. *Dell,* 194 F. Supp. 2d at 653. Police only need to show that they took "reasonable precautions" to preserve the original condition of the evidence, but they do not have to exclude all possibilities of tampering with the evidence. *Id.* (citing *Lott,* 854 F. 2d at 250). Finally, a "presumption of regularity" exists with respect to the official acts of public officers, and absent evidence to the contrary, a court presumes that the official duties were discharged properly. *Id.* Petitioner is therefore not entitled to habeas relief on his chain of custody claim, because it essentially involves a matter of state law and petitioner has failed to show that the admission of the shell casing deprived him of a fair trial. *See e.g. Harmon,* 495 F. Supp. at 343.

**D. Claim # 4. There was sufficient evidence to convict petitioner of first-degree felony murder.**

Petitioner finally contends that the evidence was insufficient to sustain his first-degree felony murder conviction.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The determination of the credibility of a witness is within the sole

province of the finder of fact and is not subject to review. *See Dillard v. Prelesnik,* 156 F. Supp. 2d 798, 805 (E.D. Mich. 2001). In addition, the habeas court does not substitute its judgment for that of the finder of fact. *Id.*

A habeas court must review all of the evidence in the record and determine whether a reasonable jury could have found guilt beyond a reasonable doubt. "The evidence must afford a substantial basis from which a fact in issue can reasonably be inferred." *Dillard,* 156 F. Supp. 2d at 805 (internal quotation omitted). Circumstantial evidence from which a reasonable inference of guilt beyond a reasonable doubt may be drawn is constitutionally sufficient to sustain a criminal conviction. *Id.*

Under Michigan law, the elements of first-degree felony murder are:

(1) the killing of a human being;
(2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (*i.e.*, malice);
(3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute.

*Matthews v. Abramajtys,* 319 F. 3d 780, 789 (6th Cir. 2003)(citing to *People v. Carines*, 460 Mich. 750, 759; 597 N.W. 2d 130 (1999)).

Petitioner initially claims that there was insufficient scientific or forensic evidence presented at trial to convict him of this crime. Physical evidence is not required to sustain a criminal conviction. *See United States v. Davis,* 306 F. 3d 398, 409 (6th Cir. 2002). In the present case, the police recovered the murder weapon from the closet where petitioner had been found hiding. The phone cards and cigarettes which had been taken during the robbery were found in the same room as this closet. As the Michigan Court of Appeals indicated in its opinion, this was strong circumstantial

11

evidence linking petitioner to the crime.  Most importantly, petitioner confessed to the robbery and the shooting.  Petitioner's signed confession provides "overwhelming evidence" of petitioner's guilt and is enough to support his convictions. *See United States v. Redditt,* 87 Fed. Appx. 440, 445 (6th Cir. 2003).  "A confession is like no other evidence.  Indeed, the defendant's own confession is probably the most probative and damaging evidence that can be admitted against him." *Id.* (*quoting Arizona v. Fulminante*, 499 U.S. 279, 296 (1991)).

Petitioner further claims that there was insufficient evidence of premeditation and deliberation to sustain his conviction for felony-murder.  The Michigan Court of Appeals rejected this claim, because premeditation and deliberation are not factors needed to prove felony murder. *Gibson,* Slip. Op. at * 5.  Under Michigan law, premeditation, deliberation, and willfulness are not elements of first-degree felony-murder. *See Matter of Robinson,* 180 Mich. App. 454, 462; 447 N.W. 2d 765 (1989).  State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975).  What is essential to establish the elements of a crime is a matter of state law. *See Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002).  A federal habeas court must therefore defer to a state appellate court's construction of the elements of state crimes. *See Coe v. Bell*, 161 F. 3d 320, 347 (6th Cir. 1998).  Because premeditation and deliberation are not elements of first-degree felony murder, this portion of petitioner's claim is without merit.

Moreover, the mere fact that petitioner told the police that he did not intend to kill the victim would not negate the malice aforethought required to sustain petitioner's felony-murder conviction.  Petitioner went into the gas station armed with a firearm and

intending to commit an armed robbery. Petitioner pointed the firearm at the victim and demanded money. Numerous cases have held that a defendant's participation in an armed robbery, while either he or his co-defendants were armed with a loaded firearm, manifested a wanton and reckless disregard that death or serious bodily injury could occur, to support a finding that the defendant acted with malice aforethought, so as to support a conviction for felony-murder. *See Harris v. Stovall,* 22 F. Supp. 2d 659, 667 (E.D. Mich. 1998)*; People v. Turner,* 213 Mich. App. 558, 572-73; 540 N. W. 2d 728 (1995)*; People v. Hart*, 161 Mich. App. 630, 635; 411 N.W. 2d 803 (1987); *See also Redmond v. Jackson,* 295 F. Supp. 2d 767, 774 (E.D. Mich. 2003)(petitioner not entitled to tolling of the AEDPA's statute of limitations on a claim that he was actually innocent of felony-murder, finding that petitioner's act of providing a firearm to be used in an armed robbery demonstrated a wanton and wilful disregard of the fact that a person could be killed or suffer great bodily harm during the course of the robbery). Petitioner is not entitled to habeas relief on his final claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's

13

constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

                                       s/Gerald E. Rosen
                                       United States District Judge

Dated: October 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2007, by electronic and/or ordinary mail.

                         s/LaShawn R. Saulsberry
                         Case Manager